In re JAMES E. LONG CONSTRUCTION COMPANY, INC., Debtor.

The TRUSTEES OF C. I. MORTGAGE GROUP, a real estate investment trust, Appellee,

v.

K. B. CANTRELL, t/a Cantrell Electrical Company, Appellant.

No. 76–2201.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1977.

Decided May 10, 1977.

Evans B. Jessee, Roanoke, Va., for appellant.

Eugene E. Derryberry and William R. Rakes, Roanoke, Va. (Gentry, Locke, Rakes & Moore, Roanoke, Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and CRAVEN and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The sole question in this case relates to the admissibility of a document by the bankruptcy court in a case concerning the validity of certain lien waivers. We affirm the district court, which had affirmed the bankruptcy court.

The lien waiver in question was allegedly executed in connection with a loan placed on an apartment development and the procurement of title insurance. It consisted of a single sheet of paper printed on both sides. On the front side was an affidavit executed by the owner of the property, James E. Long Construction Company, Inc. (Long) by its Vice-President. Long's Vice-President signed for the corporation both as owner and general contractor. This affidavit stated among other things there were no mechanics' or materialmen's liens or claims against the property involved except those listed on the reverse side which had been waived. The reverse side consisted of a waiver of liens, which allegedly had been signed by eight suppliers of labor or material, including Kelly Cantrell, an electrical subcontractor.

Cantrell's name in the appropriate place on the lien waiver appears both in type and script. The lien waiver had been procured by one Moran, superintendent of Long, who had died prior to the hearing in the bankruptcy court. The transcript of the bankruptcy court hearing was unavailable because of a malfunctioning electrical device and no narrative or other summary of evidence was furnished. The parties state they rely on the statement of facts by the bankruptcy judge and stipulations in the record.

The lien waiver was apparently introduced with the testimony of the attorney who prepared the lien waiver form for signatures. He stated that his office had prepared the form and that the signatures were apparently obtained by Long, which returned it to his office after signatures. Crawford, the Vice-President of Long, testified that Moran, superintendent of Long, was dead and had apparently obtained the signatures on the reverse side of the document; that he did not specifically recall the document but possibly took it to the attorney's office after completion; that the waiver in question was customarily executed by Long and the subcontractor in the regular course of business on other projects; and that there must have been outstanding liabilities on the project for the signatures to have been required. Nothing in the record suggests that the lien waiver was obtained other than in the ordinary course of business.

Federal Rule of Evidence 901(a) requires for authentication "evidence sufficient to support a finding that the matter in question is what its proponent claims." The advisory committee's note, subsection (a), explains that authenticity is in the category of relevancy dependent upon fulfillment of a condition of fact and is governed by the procedure set forth in Rule 104(b). Rule 104(b) provides that when relevancy depends upon fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition. The advisory committee's comment to Rule 104(b), subsection (b), provides that the judge should make "a preliminary determination" whether the foundation evidence is sufficient to support a finding of the fulfillment of the condition. If so, the item is admitted. If after all the evidence is in, pro and con, the jury could reasonably conclude the fulfillment of the condition is not established, the issue is for them. If the evidence is not such as to allow a finding, the judge withdraws the matter from their consideration. Of course, there was no jury here, so the bankruptcy

judge had to make both the preliminary and final factual determinations.

Following the introduction of the form, two of the alleged signers testified they could not remember signing the paper, but refused to deny their signatures. Cantrell, although present, and although he defended on the ground he had not signed, did not even testify.

With the evidence he had before him, we think the bankruptcy judge was justified in making the "preliminary determination" as to admissibility under Rule 104(b), and concluding, when all the evidence was in, to admit the waiver rather than to withhold it.

There was a permissible inference from Cantrell's silence that the signature was his, because, although present in court, he did not testify. Silence is often evidence of the most persuasive character. *Bilokumsky v. Tod*, 263 U.S. 149, 154, 44 S.Ct. 54, 68 L.Ed. 221 (1923). Failure to take the witness stand strongly suggests he could not testify to repel what had been shown against him. *Local 167, International Brotherhood of Teamsters v. United States*, 291 U.S. 293, 298, 54 S.Ct. 396, 78 L.Ed. 804 (1933). Indeed, in Virginia, such silence would entitle the judge to presume the signature was his. E. g. *Puckett v. Draper*, 156 Va. 238, 158 S.E. 68 (1931). And in certain other courts such unexplained silence creates a presumption that the party's testimony would be adverse to his interests. E. g. *Meier v. Commissioner of Internal Revenue*, 199 F.2d 392 (8th Cir. 1952).

We do not decide whether Cantrell's deposition, although filed, was properly considered because neither party asked the bankruptcy judge to consider it as he did. In the deposition, Cantrell said the signature "looks like my signature;" he could not say that it was or was not but "it sure looks like it." Cantrell also said that he did not recall signing the paper and that it was common practice for him to sign such lien waivers. If the bankruptcy judge properly considered the deposition, of course, it could only have supported his decision to admit the document.

Accordingly, we think the lien waiver was properly admitted into evidence, and the judgment of the district court is

*AFFIRMED.*